# EXHIBIT "A"

**MALAMUT & ASSOCIATES, LLC**
*Attorney for Plaintiff*
BY: MARK NATALE, ESQUIRE
IDENTIFICATION NO: 316939
457 Haddonfield Road
Suite 500
Cherry Hill, NJ 08003
(856) 424-1808

Filed and Attested by the
Office of Judicial Records
12 FEB 2021 09:27 am

| | |
|---|---|
| ANTHONY HAM | COURT OF COMMON PLEAS<br>PHILADEPHIA COUNTY |
| Plaintiff | |
| v. | NO.: 200802487 |
| COCO-COLA, JOHN/JANE DOE 1-10<br>ABC COMPANIES 1-10 | |
| Defendant | |

## PRAECIPE TO REINSTATE COMPLAINT

**TO THE PROTHONOTARY:**

Please reinstate the Complaint in the above matter.

                           MALAMUT & ASSOCIATES, LLC

                           BY:  /s/ Mark Natale
                               Mark Natale, Esquire
                               *Attorneys for Plaintiff*

Dated: February 12, 2021

Case ID: 200802487

**KEITH JAMES GENTES – 307980**
**MALAMUT & ASSOCIATES, LLC**
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
www.malamutlaw.com
*Attorneys for Plaintiff*



Filed and Attested by the
Office of Judicial Records
28 FEB 2021 09:20 pm

---

| | |
|---|---|
| ANTHONY HAM | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | |
| COCA-COLA, JOHN/JANE DOE 1-10<br>ABC COMPANIES 1-10 | NO. CV- |

---

## COMPLAINT IN CIVIL ACTION
### NEGLIGENCE

1. Plaintiff, ANTHONY HAM, is an adult individual who at all times material hereto resided at 145 Uxbridge Drive in the Township of Cherry Hill, County of Camden and State of New Jersey.

2. On or about June 19, 2017, Plaintiff, ANTHONY HAM, was lawfully present and upon the COCA COLA in GEORGIA and was lawfully and carefully on the premises.

3. On or about August 29, 2018 when Plaintiff, ANTHONY HAM, was lawfully present and upon the premises and was lawfully and carefully proceeding along the premises and dropping off a delivery at DEFENDANT COCA-COLA, agents/employees of COCA-COLA created a dangerous condition on ANTHONY HAM'S truck through their own negligence. .

4. At all times material hereto, Defendant, COCA COLA, either exclusively and/or jointly

1

employed the individuals who created the dangerous condition on Plaintiff ANTHONY HAM's vehicle. (hereinafter "the premises").

## COUNT ONE
## ANTHONY HAM v. COCA COLA

5. Plaintiff, ANTHONY HAM, incorporates by reference each and every allegation set forth in the foregoing paragraphs 1-8 above as fully as if the same were herein set forth at length.

6. At all times material hereto, Defendant, COCA-COLA and its employees/agents had a duty to practice reasonable care and provide reasonably safe condition for those persons lawfully thereon their property including, but not limited to Plaintiff, ANTHONY HAM.

7. At all times material hereto, Defendant COCA-COLA acted by and through its respective authorized agents (ostensible, apparent or actual) servants, workman and/or employees then and there acting within the course and scope of their agency, employment and/or authority with defendant.

8. Defendant, COCOA-COLA knew or should have known of the existence of these conditions and should have repaired, removed, remedied, and/or warned Plaintiff of the existence of these dangerous and defective conditions.

9. Notwithstanding their duty, the Defendant, COCA COLA at the aforementioned date and place and for sometime prior thereto, carelessly and negligently created and/or allowed and/or permitted to be and remain the aforementioned dangerous conditions of closing Plaintiff's truck incorrectly, which led to a metal bar swinging down and hitting him in the face.

10. Notwithstanding its duty, the Defendant, COCA COLA at the aforementioned date and place and for sometime prior thereto, carelessly and negligently created and/or allowed

and/or permitted to be and remain the aforementioned dangerous conditions.

11. The injuries and damages which are hereinafter set forth were caused solely and jointly by and were the direct and proximate result of the negligence and carelessness of the Defendant, COCA COLA acting for themselves or by and through their agents, servants, workmen, and/or employees who are acting then and there within the course and scope of their employment, and consisted, *inter alia*, of the following:

    a. failing to keep Plaintiff's truck in a safe condition while they were unloading it;

    b. permitting the dangerous conditions to be and remain on and the truck when the defendants knew or in the exercise of reasonable care should have known of the danger involved;

    c. failing to warn the Plaintiff of the dangerous conditions;

    d. failing to remove, cover, blockade or otherwise remove the dangerous conditions of which Defendants knew or in the existence of reasonable care should have known;

    e. failing to notify or warn the Plaintiff of the dangerous conditions so that the hazard involved could be avoided;

    f. maintaining the premises in an improper manner or employing personnel who are not sufficiently qualified to maintain the premises in a proper manner;

    g. failing to regularly inspect the premises, so as to ensure that it was in a proper and safe condition;

    h. failing to hire, employee or retain personnel sufficiently qualified to maintain safe conditions.

    i. failing to properly supervise those individuals charged with the duty of maintaining the safe conditions.

## COUNT II
### Anthony Ham v. COCA COLA, JOHN/JANE DOE 1-10, ABC COMPANIES 1-10

12. Plaintiff, ANTHONY HAM, incorporates by reference each and every allegation set forth in the foregoing paragraphs 1-8 above as fully as if the same were herein set forth at length.

13. JOHN/JANE DOES 1-10 were, at all relevant time, owners, managers, employees, or agents of Defendant COCA-COLA, or in the alternative, owners, managers, employees or agents of the true corporate owner of the property that caused Plaintiff's injuries.

14. ABC CORPORATIONS 1-10 are corporations, partnerships, LLCs, and other corporate entities who owned, operated, leased, managed, or controlled Defendant COCA COLA, or in the alternative, ABC CORPORATIONS 1-10 owned, operated, leased, managed, or controlled the true corporate owner of the property that led to Plaintiff's injuries, or in the alternative, ABC CORPORATIONS 1-10 are the true corporate owners of the property that led to Plaintiff's injuries. In addition, ABC CORPORATIONS 1-10 employeed, managed, supervised, controlled the employees/agents whose negligence led to Plaintiff's injuries.

15. At all times material hereto, Defendant, COCA-COLA, JOHN JANE DOES 1-10, ABC CORPORATIONS 1-10, and their employees/agents had a duty to practice reasonable care and provide reasonably safe condition for those persons lawfully thereon their property including, but not limited to Plaintiff, ANTHONY HAM.

16. At all times material hereto Defendant, COCA-COLA, JOHN JANE DOES 1-10, ABC CORPORATIONS 1-10 acted by and through its respective authorized agents (ostensible, apparent or actual) servants, workman and/or employees then and there acting within the course and scope of their agency, employment and/or authority with defendant.

17. Defendant, COCA-COLA, JOHN JANE DOES 1-10, ABC CORPORATIONS 1-10 knew or should have known of the existence of these conditions and should have repaired,

removed, remedied, and/or warned Plaintiff of the existence of these dangerous and defective conditions.

18. Notwithstanding their duty, the Defendant, COCA-COLA, JOHN JANE DOES 1-10, ABC CORPORATIONS 1-10 at the aforementioned date and place and for sometime prior thereto, carelessly and negligently created and/or allowed and/or permitted to be and remain the aforementioned dangerous conditions of closing Plaintiff's truck incorrectly, which led to a metal bar swinging down and hitting him in the face.

19. Notwithstanding its duty, the Defendant, COCA-COLA, JOHN JANE DOES 1-10, ABC CORPORATIONS 1-10 at the aforementioned date and place and for sometime prior thereto, carelessly and negligently created and/or allowed and/or permitted to be and remain the aforementioned dangerous conditions.

20. The injuries and damages which are hereinafter set forth were caused solely and jointly by and were the direct and proximate result of the negligence and carelessness of the Defendant, COCA-COLA, JOHN JANE DOES 1-10, ABC CORPORATIONS 1-10 acting for themselves or by and through their agents, servants, workmen, and/or employees who are acting then and there within the course and scope of their employment, and consisted, *inter alia*, of the following:

    a. failing to keep Plaintiff's truck in a safe condition while they were unloading it;
    b. permitting the dangerous conditions to be and remain on and the truck when the defendants knew or in the exercise of reasonable care should have known of the danger involved;
    c. failing to warn the Plaintiff of the dangerous conditions;
    d. failing to remove, cover, blockade or otherwise remove the dangerous conditions of

Case ID: 200802487

which Defendants knew or in the existence of reasonable care should have known;

e. failing to notify or warn the Plaintiff of the dangerous conditions so that the hazard involved could be avoided;

f. maintaining the premises in an improper manner or employing personnel who are not sufficiently qualified to maintain the premises in a proper manner;

g. failing to regularly inspect the premises, so as to ensure that it was in a proper and safe conditions.

h. failing to hire, employee or retain personnel sufficiently qualified to maintain safe conditions.

i. failing to properly supervise those individuals charged with the duty of maintaining the safe conditions.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and/or severally, in an amount to exceed Fifty Thousand Dollars ($50,000).

Dated 08/28/20

_/s/ Keith James Gentes
_____
KEITH JAMES GENTES
Attorneys for Plaintiff

## VERIFICATION

KEITH JAMES GENTES, hereby states that he is the attorney in the action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Sec. 4904 relating to unsworn falsification to authorities.


Dated: 08/28/20                                              /s/ Keith Gentes
                                                             _____
                                                             KEITH JAMES GENTES

Case ID: 200802487